# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) AMELIA MOLITOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-834-R |
| ) | |
| (1) PICKLEMAN'S FRANCHISING, LLC, ) | |
|     a Missouri limited liability company ) | |
|     d/b/a Pickleman's Gourmet Café, ) | |
| (2) BW INVESTMENT GROUP, LLC ) | |
|     an Oklahoma limited liability company ) | |
|     d/b/a Pickleman's Gourmet Café. ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  December 1, 2016 at 9:00 a.m.

Appearing for Plaintiff:  Ben Baker, Ben Baker Attorney at Law, PLLC and Rusty Smith, Brennan, Smith & Cherbini, PLLC

Appearing for Defendant, Pickleman's Franchising:  Thomas G. Ferguson, Jr., Walker, Ferguson & Ferguson

Appearing for Defendant, BW Investment Group, Inc.:  R. Ryan Deligans, Durbin, Larimore & Bialick

**  X  Jury Trial Demanded  -  ___Non-Jury Trial**

1. **BRIEF PRELIMINARY STATEMENT**.
   **Plaintiff:**   During the early morning hours of July 25, 2014, Molitor was lawfully on the premises of Pickleman's Gourmet Café located at 759 Asp Avenue in Norman, Oklahoma as a customer/invitee when she was approached by another Pickleman's customer/invitee who struck her with a closed fist in the face causing her to suffer severe, permanent injuries. Immediately prior to Ms. Molitor entering the premises of Pickleman's Gourmet Café, Ms. Molitor was approached by the same

customer/invitee, where an unwelcomed discussion ensued. Ms. Molitor ended that discussion and entered the premises of Pickleman's Gourmet Café, where the events occurred.

Had there been on the premises of Pickleman's Gourmet Café a security guard, doorman, or similar employee, Ms. Molitor would have informed such person or persons of the unwelcomed discussion that had just occurred outside, and would have requested assistance and eliminated the possibility of future similar encounters. There was no such person or persons at Pickleman's Gourmet Café. Defendants had knowledge that its location in Norman is known prone to experience dangerous conduct on its premises, and should have reasonably anticipated the dangerous conduct that occurred on its premises. Therefore, Defendants owed a duty to take adequate precautions to provide reasonable protection to their business invitees, including Ms. Molitor.

Defendants breached such duty by failing to provide reasonable protection to its invitees, including Ms. Molitor. The actions of the customer/invitee who struck Ms. Molitor were reasonably foreseeable, and the Defendants, either individually and/or jointly, were in a superior position to appreciate such hazards and take necessary steps to prevent harm to the public, including Ms. Molitor. As mentioned, the Defendants, either individually and/or jointly, by and through their agents, servants and/or employees, breached their duty to exercise reasonable care for the safety and protection of the public/invitees and Molitor, and acted in a careless and negligent manner through the following acts of omission or commission, including but not limited to:

a. Failing to provide adequate security for the users, customers, employees and invitees of the restaurant premises including Ms. Molitor;
b. Failing to warn, protect, guard, and secure the safety of patrons, employees, invitees, and other similarly situated members of the public, including Ms. Molitor;
c. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for patrons, employees and invitees of said premises, when Defendants knew or should have known of reasonably foreseeable criminal acts;
d. Failing to have security guards on duty to deter crime, thereby protecting users, customers, employees and invitees of the subject premises, including Ms. Molitor; and
e. Failing to implement adequate security policies, security measures, and security procedures necessary to protect Ms. Molitor and other patrons, employees and invitees of the subject premises.
f. Failing to properly or adequately train staff, employees, agents and/or franchisors in handling or providing adequate security policies, security measures, and security procedures necessary to protect Ms. Molitor and other patrons, employees and invitees of the subject premises

As a result of Defendants' acts and omissions, Ms. Molitor has suffered substantial physical injuries, pain and suffering, emotional distress, and other damages, including

but not limited to past, present, and future medical charges and past, present, and future lost earnings and/or earning capacity.

**Defendant Pickleman's Franchising, LLC:** Pickleman's Franchising, LLC (Pickleman's Franchising) is the franchisor of the Pickleman's Gourmet Café located at 759 Asp Avenue, in Norman, Oklahoma, operated by BW Investment Group, LLC (the Café). The relationship between these parties is governed by a franchise agreement dated December 15, 2011. Pickleman's Franchising had no involvement in the day-to-day activities of the Café and as a consequence cannot be deemed responsible for any of the failures alleged by the Plaintiff to have been committed by the Café. Pickleman's Franchising did not owe any duty to the Plaintiff with regard to the activities which are alleged by the Plaintiff to have taken place on or about July 25, 2014.

Pickleman's Franchising disputes all of Plaintiff's claimed damages and demands strict proof as to the same. Pickleman's Franchising states that upon information and belief the Plaintiff instigated the activities which occurred on July 25, 2014 and was herself guilty of actions and negligence which caused or contributed to her alleged damages. Further, the actions of third persons over whom Pickleman's Franchising had no control, caused and/or contributed to Plaintiff's alleged damages.

**Defendant BW Investment Group, LLC:** On the early morning hours of July 25, 2014, Ms. Molitor entered into the Pickleman's Gourmet Cafe in Norman, Oklahoma. At that time Ms. Molitor was involved in a very quick and short altercation with another person inside the restaurant. During the altercation both Ms. Molitor and the other person struck one another. This lawsuit filed by Molitor stems from the altercation. Prior to the altercation, Ms. Molitor, at no time, sought any assistance from any employee of BW Investments d/b/a Pickleman's for protection or made any complaints involving any other customer. In fact, prior to the physical altercation that gives rise to this lawsuit, the other person had turned to leave the area when he was then pushed by Ms. Molitor and slapped.

Defendant denies the allegations and claims by Ms. Molitor

2. **JURISDICTION**. 28 U.S.C. §1332 Diversity jurisdiction; 28 U.S.C. § 1391 Personal jurisdiction.

3. **STIPULATED FACTS**.

    1. Jurisdiction and venue are proper with this Court.

    2. The incident giving rise to this action occurred at Pickleman's Gourmet Café in

Norman, Oklahoma on July 25, 2014.

3. BW Investment Group, LLC was a franchisee of Pickleman's Franchising, LLC.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiff:

   1. Negligence
   2. Punitive or Exemplary Damages

   b. Defendant Pickleman's Franchising, LLC:

   1. General Denial
   2. Denial of Duty
   3. Denial of Negligence
   4. Denial of Damages
   5. Denial of Liability Based on Franchise Agreement

   c. Defendant BW Investment Group, LLC:

   1. Plaintiff fails to state a claim upon which relief may be granted.
   2. Plaintiff's injuries, if any, were the result of the actions of third parties over whom this Defendant had no control.
   3. Defendant did not know and had no reason to believe that an incident such as the one in question would occur.
   4. Defendant acted reasonably at all times relevant to this matter.
   5. Plaintiff's actions caused or contributed to the incident.
   6. Plaintiff's claim for punitive damages violates the constitutions of both the State of Oklahoma and the United States of America.
   7. Plaintiff has filed another action in which she seeks compensation for the same damages alleged in this case. This amounts to improper claim-splitting.
   8. All relevant conditions that existed at the time of and prior to the incident were open and obvious and should have been known to Plaintiff with the exercise of reasonable care and caution.

    9.   Defendant lacked notice of all relevant conditions that existed at the time of and prior to the alleged incident.

    10.   Defendant is not liable under any theory of fact and/or law.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ___ Yes      _X_ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive

    Defendant BW Investment Group, LLC, anticipates filing a Motion for Summary Judgment on Plaintiff's claims as well as a Motion to Consolidate this case with *Amelia Molitor v. Joe Mixon*, United States District Court for the Western District of Oklahoma, Case No. CIV-16-1202-HE.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ___ Yes _X_ No

If "no," by what date will they be made? December 15, 2016

8. **PLAN FOR DISCOVERY**.

    A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on:

    November 15, 2016.

    B.   The parties anticipate that discovery should be completed within:

    One hundred eighty (180) days.

    C.   In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

    Four (4) months

    D.   Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should

        be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

         X  Yes       ___ No

E.   Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

         X  Yes       ___ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

<u>The parties are preparing an Agreed Protective Order for submission to the Court for approval.</u>

F.   Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

<u>Expert reports should be prepared and exchanged as follows: Plaintiff's Expert report(s) at least 60 days prior to discovery cut-off; Defendant's Expert report(s) at least 30 days prior to discovery cut-off.</u>

9. **ESTIMATED TRIAL TIME**: <u>Four to five (4-5) days</u>

10. **BIFURCATION REQUESTED**:   ___ Yes    X  No

11. **POSSIBILITY OF SETTLEMENT**:   ___ Good   ___ Fair    X  Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A.   Compliance with LCvR16.1(a)(1) - ADR discussion:   X  Yes   ___ No

B.   The parties request that this case be referred to the following ADR process:

      ___ Court-Ordered Mediation subject to LCvR16.3
      ___ Judicial Settlement Conference

     X  Other  After sufficient discovery the parties may agree to private mediation
    ___ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  ___Yes   X  No

14. Type of Scheduling Order Requested.  X  Standard - ___ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 28th day of November, 2016.

           By: */s/ Ben Baker*
              BEN BAKER, OBA# 21475
              BEN BAKER, ATTORNEY AT LAW, PLLC
              109 North 2nd Street
              Purcell, Oklahoma 73080
              Telephone: (405) 527-8001
              Facsimile: (405) 527-1539
              Email: bendbaker@gmail.com

              and

           By: */s/ David Rusty Smith*
              DAVID R. SMITH, OBA# 19575
              ALEX C. WISLON, OBA# 31433
              BRENNAN, SMITH & CHERBINI, PLLC
              PO Box 1067
              Muskogee, Oklahoma 73080
              Telephone: (918) 687-4400
              Facsimile: (918) 687-4430
              Email: rsmith@muskogeelawyers.com
              Email: awilson@muskogeelawyers.com
              *Attorneys for Plaintiff*

By:    */s/ Thomas G. Ferguson, Jr.*
       Thomas G. Ferguson, Jr., OBA #2878
       WALKER, FERGUSON & FERGUSON
       941 East Britton Road
       Oklahoma City, OK 73114
       Telephone: (405) 843-8855
       Facsimile: (405) 843-8934
       E-Mail: tferg@wffatty.com
       *Attorney for Defendant, Pickleman's Franchising, LLC*

By:    */s/ R. Ryan Deligans*
       R. Ryan Deligans, OBA #19793
       DURBIN, LARIMORE & BIALICK
       920 North Harvey
       Oklahoma City, OK 73102-2610
       Telephone: (405) 235-9584
       Facsimile: (405) 235-0551
       E-Mail: dlb@dlb.net
       *Attorney for Defendant, BW Investment Group, LLC*